UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-EASTERN DIVISION

| | |
|---|---|
| CARLOS E. CABALLERO, | ) ED CV 05-834 SH |
| | ) |
| Plaintiff, | ) MEMORANDUM DECISION |
| | ) |
| v. | ) |
| | ) |
| JO ANNE B. BARNHART, Acting Commissioner of the Social Security Administration | ) |
| | ) |
| Defendant. | ) |

## I. PROCEEDINGS

This matter is before the Court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for Supplemental Security Income under Title XVI of the Social Security Act. Pursuant to 28 U.S.C.§ 636(c), the parties have consented that the case be handled by the undersigned. The action arises un 42 U.S.C. § 405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner. Plaintiff

1

and Defendant have filed their pleadings, Defendant has filed the certified transcript of record, and the parties have filed a joint stipulation. After reviewing the matter, the Court concludes that the decision of the Commissioner should be reversed and remanded.

Plaintiff filed an Application for Disability Insurance Benefits and Social Security benefits in June 1994, and in June 1996, resulting in an Unfavorable Decision on January 28, 1998. (AR 29). Plaintiff filed another application for Social Security Income benefits on May 5, 2003 alleging inability to work due to illiteracy, back and hand pain, and memory loss. (AR 77, 90). Plaintiff filed a timely Request for Hearing and a hearing was held in San Bernardino, California, on February 4, 2005, before Administrative Law Judge (ALJ) Peter Baum. (AR 187). An Unfavorable Decision was issued on April 5, 2005. (AR 9). On April 13, 2005, Plaintiff filed a Request for Review of the Hearing Decision. (AR 7). The Appeals Council denied review on July 5, 2005. (AR 4). Plaintiff then commenced the present action.

## II. DISCUSSION

Plaintiff first asserts that the ALJ failed to properly develop the record in regards Plaintiff's special education record. Plaintiff also contends that the ALJ failed to properly develop the record by failing to include prior hearing transcripts in the Administrative Record.

*Issue No. 1:*

The ALJ has an independent "duty to fully and fairly develop the record to assure that the claimant's interests are considered." Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir. 1996) (quoting Brown v. Heckler, 713 F.2d 441, 443 (9th Cir. 1983)). This duty extends to the represented as well as the unrepresented. Id. Although the claimant has the burden of proving the disability, it is the ALJ's duty

to assist in developing the record. Armstrong v. Commissioner of Social Sec. Admin., 160 F.3d 587, 589 (9th Cir. 1998) (citing DeLorme v. Sullivan, 924 F.2d 841, 849 (9th Cir. 1991).

The ALJ failed to fully and fairly develop the record by not making any attempt to obtain Plaintiff's high school special education records. The ALJ concluded that Plaintiff did not meet or equal any listings, including listing 12.05 (mental retardation). (AR 15). According to the Listing of Impairments in Appendix 1 to Subpart P of Part 404 (12.05), "mental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22." However, the record contained no evidence of Plaintiff's intellectual functioning before the age of 22. The special education records would likely contain relevant evidence regarding the Plaintiff's intellectual functioning before the age of 22.

*Issue No. 2:*

Where the Commissioner rules that a claimant was not disabled, in a later application for benefits plaintiff is precluded from arguing he or she was disabled as of that date. The earlier decision creates a presumption that plaintiff was able to work beyond that date. Plaintiff has the burden of proving "changed circumstances," i.e., showing that plaintiff's impairments have become more severe since the date of the earlier decision. Brawner v. Secretary of Health & Human Servs., 839 F.2d 432, 433 (9th Cir. 1987).

The ALJ failed to fully and fairly develop the record by not including the prior hearing transcripts in the record. The ALJ held that "The medical evidence appears to show no material change from the previous Administrative Law Judge's decision issued on January 28, 1998." (AR 16). However, without the transcript from Plaintiff's previous hearing in 1998 it is impossible for the Plaintiff to prove

there has been a "material change" in his condition.

### III. CONCLUSION

For the foregoing reasons, the decision of the Commissioner is reversed and the matter is remanded for further development of the record in accordance with this decision, pursuant to Sentence 4 of 42 U.S.C. §405(g).

DATED: June 5, 2006

_____/s/_____
STEPHEN J. HILLMAN
UNITED STATES MAGISTRATE JUDGE